IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MAURICE T. HAMILTON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 20-628 |
| | : | |
| 35th DISTRICT OF PHILADELPHIA, | : | |
| et al., | : | |
| Defendants. | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                       **February 24, 2020**

Maurice T. Hamilton sues under 42 U.S.C. § 1983 against "1301 Filbert Street & Courthouse," Judge Benjamin Lerner (identified "Juge Lener Benjin"), and "35th District Police Baricks [sic]."[1] He also moves for leave to proceed *in forma pauperis* and filed a Prisoner Trust Fund Account Statement.[2] We grant Mr. Hamilton leave to proceed *in forma pauperis*. We must dismiss his Complaint.

## I. Factual allegations

Mr. Hamilton's Complaint is brief. We understand he is raising claims for damages arising from criminal proceedings against him in Philadelphia. He appears to be alleging he possessed one gun on March 28, 2013, but the state charged him with possessing three guns.[3] Public dockets confirm the state charged Mr. Hamilton in three criminal proceedings based on the March 28, 2013 events, and he pled guilty on December 13, 2013 in the Philadelphia Court of Common Pleas to aggravated assault and two counts of assaulting a law enforcement officer.[4] Judge Lerner accepted Mr. Hamilton's plea.

## II. Analysis

We grant Mr. Hamilton leave to proceed *in forma pauperis* as he is not capable of paying the fees to commence this civil action.[5] Congress requires we dismiss his Complaint if it "lacks an arguable basis either in law or in fact,"[6] and is legally baseless if it is "based on an indisputably meritless legal theory."[7] As Mr. Hamilton is proceeding *pro se*, we construe his allegations liberally.[8]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[9] Mr. Hamilton's claims against "1301 Filbert Street & Courthouse," which we understand to be claims against the state court, fail because state courts are entitled to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of § 1983.[10]

Mr. Hamilton's claims against Judge Lerner fail because they are barred by absolute judicial immunity. We understand Mr. Hamilton to be raising constitutional claims under 42 U.S.C. § 1983 against Judge Lerner because he presided over the underlying criminal prosecutions. Judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.[11] Judge Lerner is absolutely immune from Mr. Hamilton's claims.

Mr. Hamilton's claims against "35th District Police Baricks [sic]" are also baseless for several reasons. First, this "District" is not a "person" subject to liability under § 1983.[12] Second, Mr. Hamilton has not alleged a basis for municipal liability.[13] Third, Mr. Hamilton has not pled a plausible malicious prosecution claim.[14] Fourth, to the extent Mr. Hamilton's malicious

2

prosecution claims are cognizable,[15] they are barred by the two-year statute of limitations as the relevant events happened in 2013.[16]

### III. Conclusion

We grant Mr. Hamilton leave to proceed *in forma pauperis* and dismiss his Complaint as legally baseless with prejudice as amendment would be futile.

---

[1] Mr. Hamilton also referred to this Defendant as "35th District of Philadelphia."

[2] ECF Doc. Nos. 4 & 5.

[3] ECF Doc. No. 1 at 4.

[4] *See Commonwealth v. Hamilton*, Nos. CP-51-CR-0005142-2013, CP-51-CR-005143-2013, CP-51-CR-0005144-2013 (Phila. C.C.P.).

[5] As Mr. Hamilton is a prisoner, he will be obligated to pay the filing fee in installments. *See* 28 U.S.C. § 1915(b).

[6] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[7] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[8] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[9] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[10] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

[11] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

[12] *See Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division).

3

[13] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

[14] *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) ("A plaintiff asserting a malicious prosecution claim must establish that '(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'").

[15] *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[16] *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).